**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000674
16-JUN-2017
10:05 AM**

NO. CAAP-16-0000674

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CW, Plaintiff-Appellant,
v.
DW, Defendant-Appellee.

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-D NO. 13-1-0002)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Reifurth, JJ.)

This appeal involves a dispute over the terms of an agreement to settle a post-decree motion to reduce child support payments. Plaintiff-Appellant CW (Wife) and Defendant-Appellee DW (Husband) were divorced pursuant to a divorce decree filed in the Family Court of the Fifth Circuit (Family Court).[1] Wife appeals from two post-decree orders entered by the Family Court: (1) the "Order Denying [Wife's] Motion to Enforce Rule 68 Offer of Settlement and For Attorney's Fees and Costs Filed June 14, 2016" (Order Denying Wife's Motion to Enforce), which was filed on September 12, 2016; and (2) the "Stipulated Order Regarding [Wife's] Motion and Affidavit for Order to Show Cause and Relief

_____

[1] The Honorable Edmund D. Acoba presided over the proceedings relevant to this appeal.

After Order or Decree Filed January 19, 2016" (Stipulated Order), which was filed on October 5, 2016.

On appeal, Wife contends that the Family Court erred in (1) adopting Husband's interpretation of the terms of the parties' settlement of Wife's post-decree motion to reduce her child support payments; and (2) awarding attorney's fees and costs to Husband based on its denial of Wife's motion to enforce her version of the settlement agreement.

The central question presented in this appeal is whether the parties had agreed to settle Wife's post-decree motion to reduce her child support payments by reducing her child support payments by one-half of the increase in medical insurance premiums (1) for the children only or (2) for *both* the children and Wife. Husband argued that the parties had agreed to a reduction in child support based on the increase in only the children's medical insurance premiums; Wife argued that the parties had agreed to a reduction in child support based on the increase in both the children's and Wife's medical insurance premiums. The Family Court ruled in favor of Husband. We conclude that the record clearly supports the Family Court's ruling, and we affirm the Family Court.

I.

The parties were divorced pursuant to a Divorce Decree filed on October 1, 2014. The Divorce Decree incorporated the parties' previously signed "Agreement . . . Incident to Divorce," which provided that "[Wife] shall continue to provide the medical insurance for the children." The Divorce Decree provided that "Wife shall be responsible for her own health insurance and medical costs"; that "Husband shall be responsible for his own health insurance and medical costs"; and that Wife shall pay Husband $1,500 per month in child support.

A.

On January 19, 2016, Wife filed a "Motion and Affidavit for Order to Show Cause and Relief After Order or Decree" (Motion to Modify Decree). In this motion, Wife stated that she sought

to modify her existing child support obligations because, in relevant part, "the health insurance premiums have increased in cost[.]" Wife stated that the facts upon which her motion was based included that "[t]he health insurance premiums *for the children* have increased in cost to $535.46 per month." (Emphasis added.) In her Motion to Modify Decree, Wife did not assert that she sought to modify her child support payments based on an increase in *her* health insurance premiums, and she did not state that her health insurance premiums had increased or specify how much she was paying for health insurance premiums for herself.

On February 13, 2016, Husband sent Mother an offer of settlement pursuant to Hawaiʻi Family Court Rules (HFCR) Rule 68 (Rule 68 Offer). Husband's Rule 68 Offer stated that Husband "will agree to [Wife] continuing to pay the $1500 per month in child support minus one-half of the increase in the health insurance premium, the amount which shall be determined once [Husband's attorney is] in receipt of documentation of the previous health insurance premium and the current amount, neither of which has been provided." Wife accepted Husband's offer.

B.

On April 5, 2016, a hearing was held to place the parties' stipulated settlement on the record. The attorneys for both parties appeared, and they waived the presence of their clients. The parties placed the terms of their settlement agreement on the record as follows:

> [Husband's Counsel]: There is a stipulation. We don't have specific numbers, but the parties have agreed that effective January 15th, they will -- the child support will stay the same <u>and the parties will split the cost of the increase in the children's health insurance premiums</u> --
>
> [Wife's Counsel]: (Inaudible.)
>
> [Husband's Counsel]: -- from --
>
> [Wife's Counsel]: It's 1,500 minus one-half of the increase --
>
> [Husband's Counsel]: Okay.
>
> [Wife's Counsel]: -- in the health insurance premiums, is what we agreed to, per the offer. And then we did agree to January 15th. I just --

3

THE COURT: Okay.

[Wife's Counsel]: -- got her confirmation yesterday. That's why I didn't tell you.

[Husband's Counsel]: Oh, okay. No problem.

THE COURT: Okay.

[Husband's Counsel]: So we just don't have -- I'm just waiting for some documentation to confirm the numbers and that it's just the children that are covered. So once we have that, we'll plug it in.

But there's an agreement as to the spirit of what's happening and that it will just be -- the increase for the children's portion of the health insurance coverage will be subtracted from the child support.

THE COURT: Okay. So, [Wife's Counsel], you'll prepare the stipulation and order?

[Wife's Counsel]: Yes, I can.

THE COURT: Okay.

[Husband's Counsel]: Thank you.

THE COURT: Anything else, then --

[Wife's Counsel]: Thank you.

THE COURT: -- for this?

[Husband's Counsel]: That was it.

[Wife's Counsel]: No.

THE COURT: All right. Thank you very much.

[Wife's Counsel]: Thank you.

(Emphasis added.)

## C.

Wife submitted a proposed stipulated order which provided for a reduction in Wife's child support payments by a specific dollar amount equal to one-half of the increased medical insurance premiums for *both* Wife and the children. Wife did not disclose that the amount of the reduction included the increased medical insurance premiums for both Wife and the children. Husband objected to the proposed Stipulated Order, asserting, among other things, that Wife had not provided documentation showing that the amount of the child support reduction in the

4

proposed stipulated order was based only on the increased medical insurance premiums for the children.

On June 14, 2016, Wife filed a "Motion to Enforce Rule 68 Offer of Settlement and For Attorney's Fees and Costs" (Motion to Enforce). Wife requested that the Family Court accept and enter the proposed stipulated order that Wife had drafted and award Wife attorney's fees and costs for having to file the Motion to Enforce. Husband filed an opposition to the motion. On August 11, 2016, the Family Court held a hearing on Wife's Motion to Enforce. The Family Court agreed with Husband's claim that the parties had agreed to reduce Wife's child support payments by "split[ting] the increase of the children's portion of the medical premiums," and it rejected Wife's claim that the parties had agreed to reduce the child support payments by one-half of the increased medical premiums for both Wife and the children. The Family Court denied Wife's Motion to Enforce and awarded Husband his attorney's fees and costs for having to defend against the motion.

On September 12, 2016, the Family Court entered its Order Denying Wife's Motion to Enforce, which denied Wife's motion and awarded Husband $659.15 in attorney's fees and costs. On October 5, 2016, the Family Court entered the Stipulated Order, which reduced Wife's child support payments by one-half of the increased cost of health insurance for the parties' children. This appeal followed.

II.

On appeal, Wife contends that the Family Court erred in adopting Husband's interpretation of the terms of the parties' settlement of Wife's Motion to Modify Decree, through which Wife sought to reduce her child support payments. We disagree.

The record provides clear support for the Family Court's ruling, in Husband's favor, that the parties had agreed to settle Wife's Motion to Modify Decree by reducing Wife's child support payments by one-half of the increased medical insurance

5

premiums for the children only, and not the increased medical insurance premiums for both Wife and the children.

The Divorce Decree plainly distinguished between the parties' obligation to pay medical insurance for themselves and medical insurance for their children. Pursuant to the Divorce Decree, Wife was responsible for providing medical insurance for the children, and Wife and Husband were each responsible for their own medical insurance. In her Motion to Modify Decree, Wife only sought the modification of her child support obligations. She did not seek the modification of any obligation relating to her own support or maintenance. The only fact provided by Wife to support her claim that "health insurance premiums have increased in cost" was that "[t]he health insurance premiums *for the children* have increased in cost to $535.46 per month." (Emphasis added.) In her motion, Wife did not refer to her health insurance premiums or state how much she was paying for her health insurance.

Given this context, the plain meaning of Husband's Rule 68 Offer to reduce Wife's child support by "one-half of the increase in health insurance premiums" was that Husband was offering to reduce Wife's child support by one-half of the increased costs for the children's health insurance. Wife did not mention her own health insurance costs in her Motion to Modify Decree, and she did not state that she was seeking to modify any obligation relating to her own support or maintenance, such as the provision in the Divorce Decree requiring her to pay for her own health insurance. Thus, it would be unreasonable to construe Husband's Rule 68 Offer as an offer to reduce Wife's child support by the increased health insurance costs for both the children and Wife.

The plain meaning of Husband's Rule 68 Offer and the agreement created by Wife's acceptance was confirmed at the hearing held to place the terms of the stipulated settlement on the record. At the hearing, Husband's counsel stated that the terms of the agreement were that "the parties will split the cost of the increase in the children's health insurance premiums[.]"

Husband's counsel further stated that "the increase for the children's portion of the health insurance coverage will be subtracted from the child support." Wife's counsel did not dispute or object to these representations by Husband's counsel of the terms of the settlement agreement. Wife's counsel did not say that the parties had agreed to split the costs of the increase in Wife's health insurance premiums. Instead, in response to Husband's counsel's statement of the terms of the parties' settlement agreement, Wife's counsel advised the Family Court that there was nothing to add and agreed to prepare the stipulation and order.

Under these circumstances, we conclude that the Family Court did not err in adopting Husband's interpretation of the terms of the parties' settlement agreement and in entering its Order Denying Wife's Motion to Enforce. We further conclude that the Family Court did not err in entering the Stipulated Order, which included an award of attorney's fees and costs. We reject Wife's claim that the Family Court abused its discretion in awarding attorney's fees and costs. In light of the circumstances presented, the Family Court did not abuse its discretion in awarding attorney's fees and costs incurred by Husband in having to defend against Wife's Motion to Enforce. See HRS § 580-47(f) (Supp. 2016).

III.

We affirm the Order Denying Wife's Motion to Enforce and the Stipulated Order.

DATED: Honolulu, Hawaiʻi, June 16, 2017.

On the briefs:

Alethea Kyoko Rebman
Dyan K. Mitsuyama
(Mitsuyama & Rebman LLLC)
for Plaintiff-Appellant

Stacey Joroff
for Defendant-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

7